UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLARENCE SEELEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:18-cv-01553-JPH-DLP |
| | ) |
| DUSHAN ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING LEAVE TO FILE A SECOND AMENDED PETITION AND DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Clarence Seeley was convicted in Indiana state court of dealing in a controlled substance within 1,000 feet of school property. Mr. Seeley has filed a petition for a writ of habeas corpus and an amended petition. In his original petition, Mr. Seeley argued that the government interfered with his right to the effective assistance of counsel during plea negotiations. In his amended petition, Mr. Seeley retained that claim and adds a claim that he received ineffective assistance of counsel at trial. Mr. Seeley has now filed a motion for leave to file a second amended petition. That motion, dkt. [29], is **GRANTED**. The Clerk **shall re-docket** entry 29-1 as the Second Amended petition in this action.

For the reasons below, Mr. Seeley's petition for a writ of habeas corpus is **DENIED**.

### I. Background

The Indiana Court of Appeals summarized the facts of Mr. Seeley's crime on direct appeal:

Sometime between 5:00 and 6:00 p.m. on December 4, 2008, Seeley sold twenty pills containing hydroquinone, a schedule III controlled substance, to a confidential informant in a controlled drug buy for $140. The controlled drug buy occurred at Seeley's home in Connersville and lasted between five and ten minutes. Seeley's property was 545 feet from St. Gabriel's school property, and Seeley's front door was 810 feet from the door to the school.

> On April 13, 2009, the State charged Seeley with dealing in a schedule III controlled substance, as a Class A felony. See Ind. Code § 35–48–4–2(b)(2) (2008). On April 15, the State alleged that Seeley was an habitual offender based on at least two prior, unrelated felony convictions. See I.C. § 35–50–2–8(a).

*Seeley v. State*, 936 N.E.2d 863, 865 (Ind. Ct. App. 2010) ("*Seeley I*").

Before trial, the State made at least two written plea offers to Mr. Seeley, both of which would have him plead guilty to a Class B felony instead of a Class A. Dkt. 9-18 at 7 (state trial court findings of fact on post-conviction review). Mr. Seeley rejected both offers because he did not believe the State could prove that Mr. Seeley was involved in a drug transaction or that the transaction took place within 1,000 feet of school property. *Id.*

On the morning of trial, the State added four witnesses to its witness list. *Id.* Trial counsel moved to prohibit those witnesses from testifying or for a continuance, but both motions were denied. *Id.* At trial, the State introduced a "cleaned up" recording of the transaction underlying the charges. *Id.* at 8. Trial counsel objected to this version of the tape, but that objection was overruled. *Id.* A jury found Mr. Seeley guilty of dealing in a controlled substance within 1,000 feet of school property. *Seeley I*, 936 N.E.2d at 866.

The Indiana Court of Appeals affirmed Mr. Seeley's convictions but remanded for resentencing. *Id.* at 871. The Indiana Supreme Court denied leave to transfer on December 16, 2010. Dkt. 9-2 at 4. Mr. Seeley did not petition for a writ of certiorari. The trial court resentenced Mr. Seeley to a 50-year prison term on December 28, 2010, and Mr. Seeley did not appeal that sentence.

On August 11, 2011, Mr. Seeley filed a petition for state post-conviction relief arguing that the government interfered with his right to the effective assistance of counsel during plea negotiations when the prosecutor failed to disclose the State's full witness list and trial evidence. Dkt. 9-18 at 15 (post-conviction petition); *id.* at 35−36 (memorandum of law in support of

petition). The trial court denied post-conviction relief. Dkt. 9-18 at 10. The Indiana Court of Appeals affirmed. *Seeley v. State*, 2017 WL 2350306, at *3 (Ind. Ct. App. May 31, 2017) ("*Seeley II*"). And on October 24, 2017, the Indiana Supreme Court denied Mr. Seeley's petition to transfer. Dkt. 9-15.

On May 22, 2018, Mr. Seeley filed a petition for a writ of habeas corpus in this Court arguing that the state interfered with his right to effective assistance of counsel when the prosecutor failed to disclose the State's full witness list and trial evidence during plea negotiations.

On January 16, 2019, Mr. Seeley filed a motion for leave to file an amended petition for a writ of habeas corpus arguing that trial counsel was ineffective for failing to object to the prosecutor's leading question, failing to object to testimony regarding a legal conclusion, and failing to tender a jury instruction defining "School Property." Dkt. 17 (motion to amend); dkt. 24 (amended petition). This Court granted the motion but did not address the timeliness of the amended petition. Dkt. 23.

The respondent argues that (1) Mr. Seeley's state interference with the right to counsel claim is barred by 28 U.S.C. § 2254(d) and (2) Mr. Seeley's ineffective assistance of counsel claim is untimely, barred by procedural default, and meritless. Dkt. 25.

## II. Ineffective Assistance of Trial Counsel

Mr. Seeley alleges that trial counsel was ineffective for failing to object to the prosecutor's leading question, for failing to object to testimony about a legal conclusion, and for failing to tender a jury instruction defining "School Property." Because Mr. Seeley's ineffective assistance of trial counsel claim is untimely, it cannot be the basis for habeas relief.

3

**A. Applicable Law**

Absent unusual circumstances not present here, a person in custody pursuant to the judgment of a state court is allowed one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The one-year limitation period is tolled for the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

An amended petition, even if filed outside the limitation period, is timely to the extent that the amended claims "relate back" to any claim raised in a prior, timely petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). An amended claim relates back if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

**B. Discussion**

Mr. Seeley's ineffective assistance of trial counsel claim, which he raised for the first time in his amended petition, is untimely.

Mr. Seeley's conviction became final on March 16, 2011, his deadline for filing a timely petition for writ of certiorari on direct appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) ("[I]f the federal prisoner chooses not to seek direct review in this Court, then the conviction becomes final when 'the time for filing a certiorari petition expires.'" (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)). The limitation period ran for 147 days until August 11, 2011, when Mr. Seeley filed his state post-conviction petition. *See* 28 U.S.C. § 2244(d)(2). It resumed on October 24, 2017, when the Indiana Supreme Court denied Mr. Seeley leave to transfer

following his post-conviction appeal.[1] Mr. Seeley then had 218 days—until May 30, 2018—to file a federal habeas petition. He filed his original petition on May 22, 2018, but he filed his motion for leave to file an amended petition on January 16, 2019, nearly eight months late.

The following chart illustrates this:

| Conviction Final | March 16, 2011 | 365 days left in limitation period |
|---|---|---|
| State Post-Conviction Filed | August 11, 2011 | 218 days left in limitation period |
| Indiana Supreme Court Denies Petition to Transfer on Post-Conviction Review (Clock Resumes) | October 24, 2017 | 214 days left in limitation period |
| Original Federal Habeas Petition Filed | May 22, 2018 | 8 days left in limitation period |
| Federal Habeas Petition Due | May 30, 2018 | 0 days left in limitation period |
| Motion for Leave to Amend Filed | January 16, 2019 | 231 days beyond limitation period |

Mr. Seeley's ineffective assistance of trial counsel claim does not relate back to his government interference with counsel claim—the only one raised in his original petition. "[A]n amended petition 'does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Beason v. Marske*, 926 F.3d 932, 938 (7th Cir. 2019) (quoting *Felix*, 545 U.S. at 650).

---

[1] The respondent asserts that tolling ended on May 14, 2018, the date that the Supreme Court denied Mr. Seeley's petition for writ of certiorari following state post-conviction proceedings. Dkt. 25 at 17. This is generous but incorrect. "[A] certiorari petition from post-conviction review does *not* toll the time limit or otherwise act as a grace period." *Taylor v. Michael*, 724 F.3d 806, 808 (7th Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007)).

Mr. Seeley's ineffective assistance of trial counsel claim differs "in both time and type" from his government interference with counsel claim. The ineffective assistance claim is based on counsel's alleged failure to object to certain testimony at trial; the government interference claim is based on the State's alleged malfeasance during pre-trial plea negotiations. The parties involved, the acts alleged, and the stages of litigation all differ between the two claims. Accordingly, Mr. Seeley's untimely ineffective assistance of trial counsel claim is not saved by the relation back doctrine.

Indeed, Mr. Seeley does not argue that his claims relate back. Dkt. 29-1 at 25. He argues instead that the Court should excuse his untimeliness because his post-conviction counsel was ineffective for failing to raise trial counsel's ineffectiveness on state post-conviction review. Dkt. 17 at 4−5. To be sure, post-conviction counsel's ineffectiveness may excuse a federal habeas petitioner's procedural default. *Brown v. Brown*, 847 F.3d 502, 508−17 (7th Cir. 2017). But post-conviction counsel's mere failure to raise a claim on state post-conviction review does not excuse an untimely federal habeas petition.

Mr. Seeley also argues that he is entitled to equitable tolling because his legal papers were confiscated in August 2018 and not returned until January 16, 2019. Dkt. 29-1 at 25. This is a dubious allegation, given that Mr. Seeley filed his 35-page typewritten amended petition on January 16, 2019, the exact day he claims to have gotten his legal papers back. Regardless, the limitation period expired in May 2018, well before the alleged confiscation, so equitable tolling cannot save his untimely claim.

Accordingly, Mr. Seeley's ineffective assistance of trial counsel claim is untimely.

### III. Government Interference with Counsel During Plea Negotiations

Mr. Seeley alleges that the State interfered with his right to the effective assistance of counsel during plea negotiations by failing to disclose inculpatory evidence during those negotiations. Because the Indiana Court of Appeals reasonably adjudicated the merits of this claim, it is barred by 28 U.S.C. § 2254(d).

**A. Applicable Law**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102.

"The decision federal courts look to is the 'last reasoned state-court decision' to decide the merits of the case." *Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc). If the last reasoned state court decision did not adjudicate the merits of a claim, or if the adjudication was unreasonable under § 2254(d), federal habeas review of that claim is *de novo*. *Thomas v. Clements*, 789 F.3d 760, 766−68 (7th Cir. 2015).

**B. Discussion**

The Indiana Court of Appeals adjudicated the merits of this claim on post-conviction review:

> Seeley is correct that the United States Supreme Court has recognized a "special subtype of Sixth Amendment violation" resulting from "'direct governmental interference with the right to counsel.'" *See United States v. Roy*, No. 12-15093, 2017 WL 1488331, at *13 (11th Cir. April 26, 2017) (quoting *Perry v. Leeke*, 488 U.S. 272, 279 (1989)). But, in order to make such a claim, the alleged governmental interference must arise from either a statute or a court order.[2] *See id.* Here, Seeley alleges that the State interfered with his counsel's ability to advise him on whether to accept a plea offer when it added four witnesses and proffered evidence it had not provided in discovery on the first day of trial. Seeley does not allege governmental interference either by way of a statute or a court order.[3] Accordingly, Seeley's claim cannot stand. *See id.* The post-conviction court did not err when it concluded that Seeley was not denied the effective assistance of trial counsel.
>
> * * *
>
> [2] In *Strickland*, 466 U.S. at 686, the Court listed the following examples of governmental interference with the right to counsel: *Geders v. United States*, 425 U.S. 80, 96 (1976) (bar on attorney-client consultation during overnight recess); *Herring v. New York*, 422 U.S. 853 (1975) (bar on summation at bench trial); *Brooks v. Tennessee*, 406 U.S. 605, 612-613 (1972) (requirement that defendant be first defense witness); *Ferguson v. Georgia*, 365 U.S. 570, 593-596 (1961) (bar on direct examination of defendant).
>
> [3] Seeley does not attribute any governmental interference to the trial court, only to the prosecutor.

*Seeley II*, 2017 WL 2350306, at *2 and n.2, n.3.

The Indiana Court of appeals correctly identified the relevant line of Supreme Court cases, including *Perry*, *Strickland*, *Geders*, *Herring*, *Brooks*, and *Ferguson*. None of those cases, nor any other Supreme Court case, clearly establishes that the Sixth Amendment requires a prosecutor to turn over all inculpatory evidence to defense counsel during plea negotiations. Indeed, parties regularly engage in plea negotiations long before all evidence has been disclosed—or even discovered. *See*, *e.g.*, *Premo v. Moore*, 562 U.S. 115, 125−26 (2011) (discussing the risks and potential benefits of accepting an early plea offer).

Because the Indiana Supreme Court did not contradict or unreasonably apply clearly established Supreme Court law in adjudicating Mr. Seeley's government interference with counsel claim, that claim is barred by 28 U.S.C. § 2254(d)(1).

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citation and quotation marks omitted). Where a claim is resolved on a procedural ground (like timeliness), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Here, no reasonable jurist could disagree that Mr. Seeley's ineffective assistance of trial counsel claim is untimely or that his claim of government interference with counsel during plea negotiations is barred by 28 U.S.C. § 2254(d). A certificate of appealability is therefore denied.

## V. Conclusion

Mr. Seeley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, and a certificate of appealability shall not issue. Final judgment in accordance with this decision shall issue.

**SO ORDERED.**

Date: 4/1/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CLARENCE SEELEY
852538
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Andrew A. Kobe
INDIANA ATTORNEY GENERAL
andrew.kobe@atg.in.gov